2008 OK 41

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert Michael BEHLEN, Respondent.**

**SCBD No. 5342.**

Supreme Court of Oklahoma.

April 28, 2008.

¶0 Order approving resignation from Oklahoma Bar Association while under suspension and pending disciplinary proceedings

¶1 The Respondent, Robert Michael Behlen, currently stands suspended from the practice of law in Oklahoma under Order of Emergency Interim Suspension entered October 29, 2007, pursuant to Rule 6.2A, Rules governing Disciplinary Proceedings, Title 5, O.S.2001 Ch. 1, App. 1–A. Rule 6.2A provides that the General Counsel of the Oklahoma Bar Association may, upon receipt of sufficient evidence demonstrating that a lawyer has committed conduct in violation of the Oklahoma Rules of Professional Conduct or is personally incapable of practicing law as set forth in Rule 10, ORPC, and where such conduct poses an immediate threat of substantial and irreparable public harm, request interim suspension of the lawyer. The Order of Emergency Interim Suspension suspended the Respondent's license to practice law until further order of this Court.

¶2 The Respondent has filed an affidavit, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. The Complainant has filed an application for an order approving Respondent's resignation pending disciplinary proceedings.

¶3 The Respondent acknowledges that he was served with the formal complaint and the application for order of emergency interim suspension filed by the General Counsel and that he did not file responses thereto. The Respondent unequivocally waives his right to contest those allegations at a hearing on the merits.

¶4 The Respondent acknowledges that he did not respond to this Court's order filed October 11, 2007, directing him to show cause within ten (10) days why an order of emergency interim suspension should not be entered against him. Respondent acknowledges that an order of emergency interim suspension was entered on October 29, 2007, and that he is currently suspended from the practice of law. The Respondent unequivocally waives his right to contest these allegations at a hearing on the merits.

¶5 UPON CONSIDERATION OF THE MATTER WE FIND:

1. Respondent, Robert Michael Behlen, OBA # 11222, filed his affidavit for resignation pending disciplinary proceedings on April 14, 2008 with the clerk of this Court, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A.

2. The Respondent acknowledges that he is currently suspended from the practice of law under Order of Emergency Interim Suspension entered October 29, 2007 by this Court. The Respondent states that he wishes to resign his membership in the Oklahoma Bar Association rather than remain under suspension.

3. The Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress; he was competent to execute his resignation having consulted with and being represented by counsel; and he was fully aware of the consequences of submitting his resignation.

4. Respondent is aware that a formal complaint and an application for order of emergency interim suspension were filed by the Oklahoma Bar Association against him and are pending in this Court. The complaint alleges violations of Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch.1, App.3–A and Rule 1.3, RGDP, based on Respondent's arrest on September 18, 2007 and Case No. M–07–173–P filed against him on September 21, 2007 in the United States District Court for the Western District of Oklahoma. Case No. M–07–173–P alleges two (2) counts against the Respondent:

a) Count 1—Robbery by force and fear in violation of Title 18, United States Code § 1951(a); and

b) Count 2—Use of a firearm in commission of a robbery in violation of Title 18, United States Code, § 924(c)(1)(A).

5. The Respondent acknowledges that the allegations regarding his conduct, if proven, would constitute violations of Rule 8.4(b), ORPC and Rule 1.3, RGDP, as well as his oath as an attorney.[1] The Respondent is aware that the burden of proving the alleged violations of professional ethics by clear and convincing evidence in the bar disciplinary proceeding rests upon the Oklahoma Bar Association and he specifically and voluntarily waives any and all right to contest the allegations of professional misconduct in a bar disciplinary proceeding.

6. The Respondent recognizes that the approval or disapproval of this resignation is within the discretion of this Court, and he recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five (5) years from the effective date of this Order;

7. The Respondent has familiarized himself with and has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

8. The Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with Rules 11, Rules Governing Disciplinary Proceedings.

9. The Respondent states that his Oklahoma Bar membership card has been lost but that if it is located, he will surrender it to Office of the General Counsel immediately.

10. The Respondent agrees to cooperate with the Office of the General Counsel in providing current contact information and identifying any active cases in which: client documents or files need to be returned to the client or forwarded to new counsel, and any fees or funds are owed by Respondent to clients and the amounts owed.

11. The Oklahoma Bar Association has incurred no costs in the investigation of this matter.

12. Respondent acknowledges that the Client Security Fund may receive claims from his former clients and agrees to indemnify the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

13. The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, R.G.D.P. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

---

1. RPC, Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Rule 1.3 RGDP provides that the commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

14. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as: Robert Michael Behlen, OBA # 11222, 116 East Sheridan # 107, Oklahoma City, OK 73104–2418. The Respondent's current address is the Oklahoma County Jail, 201 N. Shartel, Oklahoma City, OK 73102. The Respondent was admitted to the practice of law on October 16, 1985.

15. The Respondent's resignation should be approved.

¶ 6 **IT IS THEREFORE ORDERED THAT** Complainant's Application and Respondent's resignation pending disciplinary proceedings is approved.

¶ 7 **IT IS FURTHER ORDERED THAT** Respondent's name be stricken from the Roll of Attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the effective date of this Order.

¶ 8 **IT IS FURTHER ORDERED THAT** Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1A by notifying all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Payment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the Respondent shall be a condition of reinstatement.

¶ 9 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 28th DAY OF APRIL 2008.**

/s/ James R. Winchester
CHIEF JUSTICE

ALL JUSTICES CONCUR.